[Cite as *State v. McShepard*, 2011-Ohio-6752.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

v.

BILLY L. MCSHEPARD

    Appellant

C.A. No.     11CA010000

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE Nos.    04CR066836
               05CR067231

DECISION AND JOURNAL ENTRY

Dated: December 29, 2011

CARR, Presiding Judge.

{¶1}    Appellant, Billy McShepard, appeals the judgment of the Lorain County Court of Common Pleas.  This Court affirms.

I.

{¶2}    In February 2005, the Lorain County Grand Jury indicted McShepard in two separate cases, Lorain Common Pleas Nos. 04CR066836 & 05CR067231.  McShepard was charged with numerous criminal offenses.  The trial court subsequently granted a motion to consolidate the two cases and a jury trial commenced on September 11, 2006.  The jury found McShepard guilty of felonious assault on a police officer pursuant to R.C. 2903.11(A)(2) and (D)(1), having weapons while under disability pursuant to R.C. 2923.13(A)(2)/(3), three counts of receiving stolen property pursuant to R.C. 2913.51(A), trafficking in marijuana pursuant to R.C. 2925.03(A)(2), possession of cocaine pursuant to R.C. 2925.11(A), possession of criminal tools pursuant to R.C. 2923.24(A), and possession of drug abuse paraphernalia pursuant to R.C.

2925.14(C)(1). The jury also found McShepard guilty of multiple firearm specifications. On September 18, 2006, McShepard was sentenced to a total of twenty years in prison.

{¶3} On October 2, 2006, McShepard filed a notice of appeal. On July 12, 2007, this Court dismissed McShepard's appeal because he failed to timely file a brief. McShepard subsequently filed a motion for reopening. This Court granted the motion on September 28, 2007. This court affirmed the trial court's judgment in part, but remanded for a new sentencing hearing. *State v. McShepard*, 9th Dist. No. 06CA009024, 2008-Ohio-1460.

{¶4} On August 19, 2008, the trial court issued journal entries in Case Nos. 04CR066836 & 05CR067231 indicating that McShepard had appeared for resentencing on July 30, 2008. The trial court imposed upon McShepard a total prison sentence of 11 years, instead of the twenty-year sentence he had received at his initial sentencing hearing. McShepard again appealed to this Court. On November 24, 2008, this Court dismissed McShepard's appeal for failing to comply with Loc.R. 3.

{¶5} On March 11, 2011, McShepard filed a motion to correct an unlawful sentence in the trial court. He subsequently filed an amended motion on April 21, 2011. The trial court denied both the motion and the amended motion on May 5, 2011.

{¶6} McShepard filed a notice of appeal on May 23, 2011. On appeal, McShepard raises two assignments of error. We consolidate those assignments of error to facilitate review.

II.

**ASSIGNMENT OF ERROR I**

"BILLY MCSHEPARD WAS DENIED HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS PROTECTED BY THE 5TH, 6TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 10 AND 16 OF THE OHIO CONSTITUTION WHEN HE WAS SENTENCED AND RESENTENCED CONTRARY TO OHIO

R.C. 2945.75(A)(2) AND OHIO LAW AS ESTABLISHED BY THE OHIO SUPREME COURT IN STATE V. PELFREY (2007), 112 OHIO ST.3D 422."

**ASSIGNMENT OF ERROR II**

"THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO RULE IN FAVOR OF THE DEFENDANT, BILLY MCSHEPARD, ON HIS MOTION TO CORRECT AN ILLEGAL SENTENCE; THUS, DENYING HIS CONSTITUTIONAL RIGHT TO DUE PROCESS PROTECTED BY THE 5TH, 6TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION 5, 10, AND 16 OF THE OHIO CONSTITUTION."

**{¶7}** In his first and second assignments of error, McShepard argues that the trial court erred in denying his motion to correct an unlawful sentence. This Court disagrees.

**{¶8}** As a preliminary matter, the State asks this Court to address the scope of the trial court's authority to resentence McShepard at the July 30, 2008 resentencing hearing. The State contends that, pursuant to the Supreme Court of Ohio's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, the authority of the trial court at the resentencing hearing was limited to the imposition of post-release control. Thus, according to the State, the trial court did not have authority to impose a reduced prison sentence at the resentencing hearing. We note that this issue is not properly before this Court in that the State did not raise a challenge to the prison sentence imposed by the trial court in 2008 and has not filed a cross-appeal here.

**{¶9}** Furthermore, a review of the record suggests that the precedent established in *Fischer* is not applicable in this case. This Court has consistently applied *Fischer* under circumstances where an offender's sentence does not include the statutorily mandated post-release control term. Under those circumstances, the new sentencing hearing to which the offender is entitled is limited to the proper imposition of post-release control. *Fischer*, paragraph two of the syllabus. The facts of this case are distinguishable in that McShepard had to be resentenced because he was not afforded an adequate sentencing hearing prior to his direct

appeal. The trial court held McShepard's initial sentencing hearing on September 18, 2006. While the trial judge sentenced McShepard to twenty years in prison, he failed to make any reference to post-release control. On September 20, 2006, the trial court held an additional hearing for the sole purpose of adding post-release control to McShepard's sentence. At the second hearing, the trial judge made no reference to the underlying twenty-year prison term that it had imposed two days earlier. Furthermore, the post-release control hearing was held without the presence McShepard's counsel, who was engaged in another proceeding. On direct appeal, this Court held that the trial court erred in holding a "mini-hearing" to sentence McShepard to items that it failed to impose or explain at the initial sentencing hearing. This Court reversed the trial court's judgment and remanded for a new sentencing hearing on the basis that McShepard was "entitled to a sentencing hearing, which include[d] all of the elements of his sentence and otherwise complie[d] with the applicable law." *State v. McShepard*, 9th Dist. No. 06CA009024, 2008-Ohio-1460, at ¶26.

{¶10} Thus, this case does not involve a scenario where an offender's sentence was vacated because his sentence did not include the statutorily mandated post-release control term. Instead, this Court reversed the trial court's judgment on McShepard's direct appeal due to the fact that his initial sentencing hearing was defective. The trial court was required to conduct a new sentencing hearing on remand pursuant to our decision.

{¶11} We now turn to the substantive issues in McShepard's current appeal. In his motion to correct an unlawful sentence filed in the trial court, McShepard argued that he should not have been convicted of the first degree felony of felonious assault on a police officer because the jury verdict form made "no reference to any felony provision or degree of felony[.]" McShepard relied on the Supreme Court of Ohio's decision in *State v. Pelfrey*, 112 Ohio St.3d

422, 2007-Ohio-256, in support of his position that the jury verdict form was sufficient only to convict him of a felony of a lesser degree. The trial court denied the motion on the basis that the verdict form in question was sufficient to convict McShepard of felonious assault as a felony of the first degree.

{¶12} In *State v. Perry* (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus, the Supreme Court of Ohio articulated the parameters of the doctrine of res judicata:

> "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, *or on an appeal from that judgment*." (Emphasis added.)

{¶13} This Court has recognized that, by the plain language of *Perry*, "the doctrine of res judicata is directed at procedurally barring convicted defendants from relitigating matters which were, or could have been, litigated on direct appeal." *State v. Widman* (May 16, 2001), 9th Dist. No. 00CA007681.

{¶14} McShepard filed a direct appeal to this Court in 2006. On appeal, McShepard raised four assignments of error in which he argued that several of his convictions were not supported by sufficient evidence; that his sentences were unconstitutional in light of the trial court's retroactive application of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856; that the trial court failed to consider the Ohio sentencing guidelines; and that he was entitled to a new sentencing hearing. This Court overruled McShepard's first three assignments of error but, as noted above, reversed and remanded for a new sentencing hearing. *McShepard*, supra. McShepard subsequently appealed from the August 19, 2008 sentencing entry but his appeal was dismissed by this Court. As McShepard did not raise any issues in regard to the adequacy of the

jury verdict form in his appeal of right, he is now barred from raising that issue in a subsequent action. *Widman*, supra. McShepard's first and second assignments of error are overruled.

III.

**{¶15}** McShepard's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR

APPEARANCES:

BILLY MCSHEPARD, pro se, Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BILLIE JO BELCHER, Assistant Prosecuting Attorney, for Appellee.